# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-03032-01-CR-S-RED |
| | ) | |
| ROGER E. WALL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court are defendant's Motion to Dismiss (Doc. 24), and defendant's Motion for Additional Discovery and Depositions; Motion to Dismiss Due to Governmental Misconduct and/or in the Alternative Motion for Protective Order (Doc. 22).

In the Motion to Dismiss, defendant outlines a theory of defense in this case. He asserts that any possession of videotapes, which are the subject of the indictment, was inadvertent and that ultimately he retained the tapes upon the advice of counsel. The motion also contains information attacking the credibility of statements given by the individual who was allegedly on the tapes when she was a minor. Without deciding whether the information in the motion is relevant to the defense, these are matters that must be resolved at trial and cannot be resolved by a pretrial Motion to Dismiss. However, because the matters may be relevant on the issue of defendant's knowing possession of the tapes in question, dismissal of this motion should be without prejudice to the defendant's right to reassert his claims at the appropriate time during the trial of the case.

Defendant's alternate Motion for Additional Discovery and Motion to Dismiss and/or Motion for Protective Order attacks the characterization of child pornography, which the United States attorney allegedly made at a press conference. It also asserts the right to depose individuals interviewed by the FBI, because the interviews were without legitimate purpose and intended to harass, intimidate and/or malign defendant's witnesses and supporters.

Rule 5 of the Federal Rules of Criminal Procedures provides that depositions may be ordered to preserve testimony for trial. Defendant has failed to make a showing that the depositions he requests are of that nature. With regard to defendant's disagreement with the label "child pornography," used at a press conference, the proper remedy, if any, will be during the voir dire process. Finally, the Court has no authority to restrict the ability of the FBI to investigate matters unrelated to the indictment in this case. It is therefore

RECOMMENDED that defendant's Motion to Dismiss be denied without prejudice. It is further

RECOMMENDED that the Motion for Additional Discovery and Depositions; Motion to Dismiss Due to Governmental Misconduct and/or in the Alternative, Motion for Protective Order be denied.

      /s/ James C. England
JAMES C. ENGLAND
United States Magistrate Judge

Date: December 5, 2005