# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05-03032-01-CR-S-RED |
| | ) | |
| ROGER E. WALL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

The defendant has filed a Motion to Dismiss for Violation of Constitutional Right to Speedy Trial, to which the United States has responded, and the defendant has replied. In support of his motion, defendant asserts that on the eve of trial, the United States sought a superseding indictment from the Federal Grand Jury. According to the defendant, the information which formed the basis of the superseding indictment was available to the government and the Grand Jury at the time of the return of the original indictment. In his reply to the government's response, defendant also asserts that the United States was dilatory in its response to a Motion to Suppress.

The Court has reviewed the defendant's motion and the exhibits attached to the response filed by the United States. No further hearing on this matter is required. The matter is therefore properly before the Court for disposition.

The defendant is not seeking relief on the basis of a violation of the Speedy Trial Act, Title 18, United States Code, Section 3161, but rather alleges violation of his constitutional right

to a speedy trial. This matter was set for trial to commence March 20, 2006 (Doc. 63). This setting was appropriate as defendant's pretrial motions had been ruled by the district court (Docs. 61 and 62). The defendant then filed this motion in anticipation of a superseding indictment. A superseding indictment was, in fact, returned on March 9, 2006 (Doc. 69). The defendant appeared and entered a plea of not guilty to the superseding indictment the following day, March 10, 2006.

In determining whether a defendant's constitutional right to a speedy trial has been violated, the Court must balance several facts. In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the Supreme Court identifies four factors: length of delay; the reason for the delay; the defendant's assertion of his right, and prejudice to the defendant. In evaluating those factors, the Court notes that the length of the delay is not significant. This matter will be reset for trial upon final disposition of this pending motion. The reason for the delay was occasioned by the return of the superseding indictment, as well as the defendant's decision to file his pending motion. Upon review of the Grand Jury transcripts submitted as a sealed attachment to the government's response to this motion, the Court notes that all of the testimony before the Grand Jury was subsequent to the original indictment. At least two of the witnesses gave new or differing accounts to the Grand Jury or investigators. There is no question that the defendant has asserted his right to a speedy trial, but it must also be noted that at least a portion of the delay has been a result of his decision to exercise his right to file pretrial motions. Finally, the defendant has identified no prejudice to the defense of his action. The only prejudice alleged is hardship to the defendant and his family and his inability to seek substantial employment because of the pending indictment. In discussing prejudice, the Supreme Court in *Wingo, supra* at 532, 533, recognized three interests of the defendant which should be considered: (i) to prevent oppressive pretrial

incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.  Of these, the defendant only mentions number (ii) to minimize anxiety and concern of the accused.  The third factor, the most critical, is not a factor in this case.  For all of these reasons, the extreme remedy of dismissal for violation of the constitutional right to speedy trial is not appropriate.  It is therefore

      RECOMMENDED that the defendant's Motion to Dismiss for Violation of Constitutional Right to Speedy Trial be denied.

                                      /s/ James C. England
                              JAMES C. ENGLAND, Chief
                              United States Magistrate Judge

Date: July 21, 2006