**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action |
| | ) | No. 05-03032-01-CR-S-RED |
| ROGER E. WALL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Dismiss, to which the government has responded. Defendant has replied to that response, and filed an addendum to the reply.

Defendant requests that the Court dismiss the charge against him and states in general terms that the superseding indictment does not state plainly, concisely and definitely the essential facts constituting an offense charged; it fails to sufficiently charge defendant with any offenses against the laws of the United States; the statutes under which he is charged are beyond the constitutional authority of Congress to regulate interstate commerce as applied in this case as the matters are areas reserved solely for state regulation; the government has singled him out for prosecution while others similarly situated have not been prosecuted; and the government's actions in singling him out were based on an impermissible motive and therefore the doctrine of selective prosecution is applicable in this case.

1

Defendant specifically contends that, in Count One, the only person who could identify who placed the manila envelopes in her closet is incompetent to testify, and that defendant has been singled out for prosecution while others similarly situated have not been prosecuted. In Count Two, defendant contends that the government will be unable to prove at least two essential elements of its case because there was no sexually explicit conduct, and the statute requires the government to prove that the subject child pornography was produced with materials transported in interstate commerce, which it cannot do.

It is the government's position that the motion to dismiss is more appropriately addressed to issues at trial concerning admissibility of evidence, rather than as a pretrial motion. Regarding defendant's claim of selective prosecution, it is asserted that the use of prosecutorial discretion regarding whom to charge with a crime is not forbidden selective prosecution. Regarding possession in Count One, it is contended that the issue of failure of proof of possession is a matter for trial. In respect to Count Two, the government asserts that the issue of failure of proof is one for trial, and additionally, that it will be able to prove the jurisdictional commerce element, as well as prove that defendant was engaged in sexually explicit conduct.

Having fully reviewed defendant's contentions, the government's response, and applicable case law, the Court finds that defendant's Motion to Dismiss is not well-taken, and should be denied.

A motion for dismissal of a count in an indictment may be brought at any time pursuant to Rule 12(b)(2), Fed. R. Crim. Pro. In reviewing the sufficiency of an indictment, the Court must determine whether the indictment sufficiently sets forth the elements of the offenses alleged, whether it places the defendant on fair notice of the charges against him, and whether it enables the defendant to assert an acquittal or conviction so as to invoke his privilege against double jeopardy

for a single offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Morris, 18 F.3d 562 (8th Cir.1994). In determining whether an indictment has sufficiently set forth the elements of the offense charged, it will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir.1989).

In a motion to dismiss, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975), cert. denied, 423 U.S. 1087 (1976).

The Court finds that it is clear from reviewing the superseding indictment itself that it sufficiently sets forth the elements of the offenses charged, and sufficiently puts defendant on notice of the charges against him. The issues defendant raises in his motion to dismiss are basically allegations that the indictment is not supported by adequate evidence, and involve the admissibility of evidence at trial and/or defenses he might argue. After reviewing defendant's motion and replies, it is clear that he continues to challenge the adequacy of the evidence against him, which is not an appropriate basis for a pretrial motion to dismiss. Additionally, he has not raised proper, cognizable claims of prosecutorial misconduct in his selective prosecution argument, but, at best, raises an issue of the use of prosecutorial discretion, which would not be a basis for dismissal of an indictment. Accordingly, the Court finds that it must be recommended that defendant's Motion to Dismiss be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Dismiss should be denied.

                                              /s/ James C. England
                                              JAMES C. ENGLAND, CHIEF
                                              United States Magistrate

Date: 03/08/07