**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-03032-01-CR-S-RED |
| | ) | |
| **ROGER E. WALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court are the Motion to Dismiss (Doc. 75), Government's Response to Motion to Dismiss (Doc. 77), Motion to Dismiss Reply to Government's Response (Doc. 78), Addendum to Defendant's Reply to Government's Response to Defendant's Motion to Dismiss (Doc. 79), Report and Recommendation of United States Magistrate (Doc. 80), and Defendant Wall's Objections and Exceptions to Report and Recommendation of United States Magistrate (Doc. 85).

In his Motion to Dismiss and in his Objections and Exceptions to the Report and Recommendation, Defendant argues, among other things, that the statutes under which he is charged "are beyond the constitutional authority of Congress to regulate interstate commerce as applied in this case as the matters are areas reserved solely for state regulation under the United States Constitution." Defendant contends that because this case involves "purely alleged intrastate, non-commercial possession of child pornography," the Government is without Constitutional authority to regulate such activity.

The Commerce Clause grants Congress the authority to regulate three types of activity: (1) use of the channels of interstate commerce, (2) instrumentalities of interstate commerce, or persons or things in interstate commerce, and (3) activities that substantially affect interstate commerce. *United States v. Bausch*, 140 F.3d 739, 741 (8th Cir. 1998). The statutes under which Defendant was indicted are a proper exercise of Congress's commerce power under the third category. *See id.* These statutes contain an express jurisdictional element requiring the transport in interstate or foreign commerce of either the visual

depictions themselves or the materials used to produce them. *Id.* The statutes thus ensure, "through a case-by-case inquiry, that each defendant's pornography possession affected interstate commerce." *Id.*

Such case-by-case inquiry is not appropriate analysis for a pretrial motion to dismiss. *See United States v. Mann*, 517 F.2d 259, 267 ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.") To determine whether the statutes would be unconstitutional as applied to Defendant requires providing the parties the opportunity to present evidence to establish or refute whether the activities alleged substantially affect interstate commerce. As such, the Court will not entertain this argument in a pretrial setting.

**Conclusion**

Upon careful and independent review of the pending motions and the suggestions filed by the parties in regard to said motions, and a review of the applicable law, the Court OVERRULES Defendant Wall's Objections and Exceptions to Report and Recommendation of United States Magistrate (Doc. 85) and ADOPTS the Report and Recommendation of United States Magistrate (Doc. 80) in full. Accordingly, for the reasons articulated herein and by the Magistrate in the Report and Recommendation, it is hereby **ORDERED** that Defendant's Motion to Dismiss (Doc. 75) is **DENIED.**

**IT IS SO ORDERED.**

DATE:    May 3, 2007             /s/ Richard E. Dorr
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT

2