# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 05-3032-01-CR-S-RED |
| | ) | |
| ROGER E. WALL, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On January 7, 2007, a hearing was held on Defendant's Motions to Dismiss (Docs. 138, 142 and 143). Evidence was received and counsel presented their arguments. For the reasons stated herein, Defendant's Motions to Dismiss are sustained and this case is dismissed with prejudice.

This case has a storied history which includes the filing of two superceding indictments after Defendant Wall was first arraigned. Defense counsel Cynthia MacPherson has been diligent in her repeated efforts to move this case to trial. Earlier speedy trial motions have been denied and in retrospect, it is clear that the Government was given huge leeway in regard to missed deadlines.

A significant point in the history of this case is May 14, 2007, when Defendant Wall signed and filed a waiver of his right to a speedy trial. One could argue that this constituted a waiver of all pre-existing speedy trial issues as of the date of the waiver. Defendant argues, because of his handwritten note, i.e., "from June 4, 07 trial docket," that his speedy trial waiver was simply from the June docket to the special trial setting in August. It is not necessary to resolve this issue for purposes of this ruling.

There are two events that have occurred in this case since it was continued from the June, 2007, docket that are particularly significant in the ruling to be made on this motion. Both of these

matters related to actions by the Government which the court, regrettably, can best describe as disappointing. The first event was the Government's last minute motion for a continuance of the August 13, 2007, special trial setting based on the Government's assertion that an "essential" witness (Michael Louck) was not available for trial. Defendant offered to waive any hearsay objections to an FBI agent relating what Mr. Louck's testimony would be, however, the Government insisted that it was absolutely necessary for Mr. Louck to be present for trial. The Government further represented that it was necessary to get a grant of immunity for Mr. Louck, a process that would take approximately three weeks. This court granted the continuance, "based on the Government's assurance that it is seeking to obtain immunity for the witness so the privilege against self-incrimination will not apply . . . ." In the hearing on January 7, 2008, Government counsel acknowledged that from and after the date of the continuance he made no effort to obtain immunity for Mr. Louck nor to secure his testimony in any other manner. The only explanation for this was that Louck was essential in August, 2007, because another witness (Tea Nicol) was unavailable (explained as "the Government had lost contact with" the witness) and that now Nicol was available. Unfortunately, the FBI agent apparently responsible for securing the presence of witnesses testified that he never lost contact with Ms. Nicol.

The second event relates to the Bill of Particulars sought by Defendant as to the subject matter referred to in the Second Superceding Indictment filed by the Government on September 11, 2007. As an aside, it is noted that this Second Superceding Indictment was necessitated by the Government's "negligence" (Government attorney's word) in drafting the First Superceding Indictment. In any event, further delay in this case was caused when the September 10, 2007, trial setting was lost because the Government dismissed (September 5, 2007) and re-filed (September 11,

2

2007) the superceding indictments as discussed above. Defendant promptly requested a Bill of Particulars as to Count II (Doc. 132 - September 25, 2007). The Government's response to the motion was due on October 12, 2007, but no response was ever filed. Eventually, the Magistrate Judge, in his order dated November 26, 2007, ordered the Government to file a Bill of Particulars on or before December 14, 2007. In the same order, this case was set for trial to begin January 7, 2008. The Government, inexcusably, failed to comply with this order. A Bill of Particulars was finally filed on Sunday, January 6, 2008, one day before trial and only after Defendant had made the Government's failure to file an issue in his most recent motion to dismiss.

It is under these circumstances that the Government now asks the Court to ignore its shortcomings in the history of this case and make a hypertechnical calculation of the days counted for speedy trial in order to avoid the mandatory dismissal required by the Speedy Trial Act. It must be noted that much of the time the Government wants excluded relates to motions filed by Defendant seeking a speedy trial. While most pending motions do support exclusions from the calculation, there is a certain fairness consideration that must be acknowledged regarding this particular aspect of this case.

## DISCUSSION

### *Defendant's rights under the Speedy Trial Act, 18 U.S.C. § 3161, have been violated*.

The Government conceded at the January 7, 2008, hearing that the Court <u>must</u> dismiss this case if 71 or more days have expired since the Defendant was arraigned for the second time on March 10, 2006 (First Superceding Indictment). The Government argues that there should be no consideration of time this case was pending before the arraignment on the First Superceding Indictment because it contains a new charge. While this may be true for speedy trial calculation

purposes, it certainly has some bearing on the issue of prejudice to Defendant. Counsel for Defendant has pointed out that some authority exists indicating that even the time this case was pending before the First Superceding Indictment should be considered for speedy trial purposes as the superceding indictment charges counts "result[ing] from the same criminal episode or conduct." *See United States v. Howard*, 63 F. Supp. 2d 728 (E.D. Va. 1999). The Court need not resolve this issue to rule the pending motions, however, if time from this period is included it simply aggravates the breech of the Speedy Trial limit.

In calculating the amount of time that has expired, the Court is bound by the rulings in *Henderson v. U.S.*, 476 U.S. 321 (1986), and *U.S. v. Long*, 900 F.2d 1270 (8th Cir. 1990), regarding the amount of days that may be excluded in the speedy trial calculation for pending motions. The Court is also guided by *U.S. v. Mentz*, 840 F.2d 315, 329 (6th Cir. 1988), which holds that certain routine motions do not merit any time exclusion under the Speedy Trial Act. Based on these authorities, the Court finds that even when giving the benefit of nearly every argument to the Government, the following periods should be included in the speedy trial calculation.

1. *11 days from May 3, 2007 through May 14, 2007.* This is the time period after the Court denied Defendant's Motion to Dismiss (Doc. 75) but before Defendant executed his Waiver of Right to Speedy Trial (Doc. 90). The Government admitted that this time would count towards the speedy trial calculation at the January 7, 2007 hearing.

2. *13 days from August 15, 2007 through August 28, 2007.* This is the time period after the Court granted Defendant's August 9, 2007 and August 14, 2007 motions (Docs. 108 and 109) but before Defendant filed his Motion to Dismiss (Doc. 113). The

4

Court disregards the motions filed by Defendant on August 1, 2007 (Docs. 95, 96 and 97). Those motions requested a sidebar and/or witness voir dire at trial to discuss a confession, advance notice from the Government about any 404(b) evidence, and "leave to interview witnesses." Defendant did not need to file motions for these things as they are done as a matter of course in criminal cases. The Government did not respond to the filings or otherwise treat the filings as motions. While the Court granted one of the motions in a single paragraph order on August 27, 2007 (Doc. 112), the Court did not treat the filings as motions and merely granted the motion to clarify the docket.

3. *5 days from September 20, 2007 through September 25, 2007.* This is the time period after Defendant was arraigned on the pending indictment (Doc. 131) but before Defendant filed his Motion for Bill of Particulars (Doc. 132). The Government admitted that this time period should be included in the speedy trial calculation at the January 7, 2008 hearing.

4. *52 days from November 11, 2007 through January 3, 2007.* This time period is based on allowing an exclusion from September 25, 2007, when Defendant filed his Motion for Bill of Particulars, through October 12, 2007, when the Government's response was due and, thereafter, allowing 30 days (to November 11, 2007) for the Magistrate to make a ruling. Since the Government failed to file a timely response and failed to comply with the Court's order, there is good reason to end the exclusion on October 12, 2007, when the Government's response was due. This would add 30 more days to the speedy trial calculations. Regardless, the period ends when

5

Defendant filed his January 3, 2008 Motion to Dismiss. At the January 7, 2008 hearing, the Government admitted that this time period should be included in the speedy trial calculation, but the Government represented to the Court that the period should not start until the Court granted Defendant's Motion for Bill of Particulars on November 26, 2007. The Government's argument is incorrect pursuant to 18 U.S.C. § 3161(h)(1)(J); *Henderson v. U.S.*, 476 U.S. 321 (1986); and *U.S. v. Long*, 900 F.2d 1270 (8th Cir. 1990).

Pursuant to these calculations, 81 days have expired since the Defendant was arraigned on March 10, 2006. Under these circumstances, the Court has no choice but to dismiss this case.

The actual amount of time that should be included under the Speedy Trial Act is arguably more than 81 days. As stated above, many of the periods that were excluded were premised upon pre-trial motions that the Defendant was forced to file to compel the Government to do what it was already required to do under applicable law and the Court's specific orders. These motions should not be used to impair the Defendant's right to a speedy trial. Also, the 81-day calculation does not penalize the Government for delay caused by the Government's untimely filing of responses to motions. However, for purposes of the above stated calculations, the Court gave the Government the benefit of the doubt on all such motions. Even without considering all of these additional time periods that in all fairness should have some consideration in calculating the days for the issue of speedy trial, the Court finds that Defendant's rights under the Speedy Trial Act have been violated.

### *Defendant's rights under the Sixth Amendment have been violated.*

The case of *Doggett v. U.S.*, 505 U.S. 647, 651 (1992), holds that the Court should look at four factors when evaluating a Sixth Amendment speedy trial claim: "whether delay before trial was

uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result." As discussed above, it is clear that (1) the delay before trial has been uncommonly long; (2) the Government is by far more to blame for the delay than Defendant, (3) the Defendant has timely and repeatedly asserted his right to a speedy trial; and, as discussed below, (4) the Defendant has suffered prejudice as a result of the delay.

While Defendant referred to specific instances of prejudice at the hearing, it is also noted that "excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." *Id.* at 655-56. This Court is bound by the precedent established by the Eighth Circuit Court of Appeals. In the case of *U.S. v. Aldaco*, 477 F.3d 1008, 1019 (8th Cir. 2007), the Court states that "a thirty-seven month delay is presumptively prejudicial," and "[a] delay approaching a year may meet the threshold for presumptively prejudicial delay."

The instant case is unique in that the lapsed time from the first arraignment to January 7, 2008 (the current trial date) is 32 months and 23 days. It is significant that the underlying facts upon which the indictment was based were seven years old before Defendant was first arraigned on these charges.

Defendant claims actual prejudice as a result of witnesses who have died, become incapacitated, and suffered from lapses of memory. In light of the ten year lapse from the date of the events to the date of the trial, there can be little doubt that any delay occurring during the past three years would be prejudicial to an already difficult situation that involves the personal memory of witnesses.

Based on the applicable case law, the evidence at the hearing, and the length of time this case

7

has been pending, the Court finds that the delay in this case has been prejudicial to Defendant's right to a speedy trial.

### *Defendant is entitled to a dismissal under Rule 48(b)(3).*

Criminal Rule 48(b)(3) allows dismissal if "unnecessary delay occurs in . . . bringing a defendant to trial." The evidence presented at the hearing on this motion demonstrated that the delay in bringing this case to trial was unnecessary. Dismissal pursuant to Rule 48(b)(3) is certainly appropriate.

### *Defendant is entitled to a dismissal with prejudice.*

Under the Speedy Trial Act, "[i]n determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(1)(1). Similar considerations govern dismissals under Rule 48 and the Sixth Amendment. The charges in this case allege possession of child pornography. This is undoubtedly a serious offense. The facts and circumstances causing dismissal are detailed above. Suffice it to say they are not complimentary of the Government's handling of this case. On this issue, the Government requests the dismissal be without prejudice which would simply mean the whole process would start once again. This type of clean slate under these circumstances would totally defeat all the reasoning for the dismissal and would be a miscarriage of justice. This case is to be dismissed with prejudice.

### CONCLUSION

For the reasons stated above, this Court believes it has no viable choice other than to dismiss the indictments which are the subject of this case. This ruling is not a vindication of Defendant Wall

8

nor does it reflect on his guilt in any way. It is simply an application of a Defendant's rights to a speedy trial to a set of procedural facts that for whatever reason appear to have gotten out of control. It is not typical of the cases processed in this district. However, it is what it is, and established case law requires the dismissal.

Defendant's Motions to Dismiss (Doc. 138, 142 and 143) are **GRANTED**. All other motions pending in this case are **DENIED as moot**. The trial setting is **VACATED**.

**IT IS SO ORDERED.**

Dated:     January 8, 2008                                  */s/ Richard E. Dorr*
                                                            RICHARD E. DORR, JUDGE
                                                            UNITED STATES DISTRICT COURT

9